IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Roger Syndell Legette, #243366,      )
                                     )
                    Petitioner,      )      C/A No. 6:13-718-JFA-KFM
                                     )
vs.                                  )      **REPORT AND RECOMMENDATION**
                                     )
Joseph McFadden, Warden,             )
                                     )
                    Respondent.      )
_____      )

### Background

        This *pro se* Petitioner brings a habeas corpus action pursuant to 28 U.S.C.
§ 2254 seeking to vacate his conviction and sentence entered on August 5, 1997, in the
Horry County Court of General Sessions.  Pet. 2, 20, ECF No. 1.  Petitioner alleges that
he was convicted by a jury of murder and possession of a weapon during the commission
of a violent crime, and he received a sentence of life without parole plus five years. Pet. 1.
Petitioner alleges that he filed a direct appeal, and the South Carolina Supreme Court
dismissed it on November 3, 1999. Pet. 2.  Also, he alleges that he filed a petition for writ
of certiorari in the United States Supreme Court, and it was denied on April 24, 2000.  Pet.
2–3.  Petitioner alleges he filed a post-conviction relief ("PCR") action in state court on April
19, 2001, and the court dismissed it on September 18, 2002. Pet. 3.  He alleges he did not
file an appeal related to his first PCR action because he did not have an opportunity.  Pet.
4.  Petitioner further alleges that he filed second and third PCR actions in state court, and
he did file appeals from those decisions.[1] Pet. 3–4.

_____

        [1] Petitioner also indicates that he unsuccessfully filed additional PCR actions in the
state courts, and he attached a copy of an order by the South Carolina Supreme Court
wherein it prohibits Petitioner from filing any further collateral actions in the circuit court
challenging his murder conviction unless it gives him permission.  ECF No. 1 at 12, 15.

In the instant action, Petitioner alleges that several cases recently decided by the United States Supreme Court recognize new law that should apply retroactively to his case. Pet. 6, 8, 17, 19. Specifically, he relies on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which held that inadequate assistance of counsel at initial collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. He seems to allege that his procedural default should now be excused, and he relies on the *Martinez* decision to permit this Petition as timely. Pet. 6, 19. Further, he relies on *Missouri v. Frye*, 132 S. Ct. 1399 (2012), which held that counsel was deficient for failure to communicate the prosecutor's written plea offer before it expired, and he may be alleging that his counsel failed to communicate a plea offer. Pet. 8.

This Court takes judicial notice that Petitioner filed a prior action in this Court seeking habeas corpus relief pursuant to § 2254, and this Court granted summary judgment to Respondent on November 27, 2007. *See* Order, *Legette v. Padula*, C/A No. 6:07-633-HMH-WMC (D.S.C. Nov. 26, 2007), ECF No. 30. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). This Court ruled that Petitioner's § 2254 action was time-barred and equitable tolling did not apply. *See* Order, *Legette v. Padula*, C/A No. 6:07-633-HMH-WMC (D.S.C. Nov. 26, 2007), ECF No. 30. Petitioner appealed the decision to the United States Court of Appeals for the Fourth Circuit, and the Court of Appeals dismissed the

2

appeal.  *See* Opinion, *Legette v. Padula*, C/A No. 6:07-633-HMH-WMC (4th Cir. June 4, 2008), ECF No. 36.

## Discussion

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam).  However, even under this less stringent standard, the Petition in this case is subject to summary dismissal.  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).  Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

Because Petitioner previously filed a habeas corpus action pursuant to § 2254 seeking to overturn the same state murder conviction and this Court decided it on the merits, this action should be dismissed because it is successive.  *See Griffin v. Padula*, 518 F. Supp. 2d 680, 687 (D.S.C. 2007) (a petition's dismissal based upon the one-year AEDPA statute of limitations is an adjudication on the merits that results in subsequent § 2254 petitions being designated as successive); *Henderson v. Bazzle*, C/A No. 9:08-978-

3

MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. April 29, 2008) (for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits which includes a prior dismissal of a petition as untimely).  In order for this Court to consider a successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3).  *See In re: Williams*, 330 F.3d 277, 278 (4th Cir. 2003); *In re: Fowlkes*, 326 F.3d 542, 543 (4th Cir. 2003).

Because it appears that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition, this Court does not have jurisdiction to consider it.  *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003). This is true even where, as in this action, Petitioner relies on an alleged new rule of constitutional law made retroactive to his case.  *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

<u>**Recommendation**</u>

Based upon the foregoing, it is recommended that the District Court dismiss the Petition in the above-captioned case *without prejudice*.  Petitioner's attention is directed to the important notice on the next page.

May 20, 2013                                   s/ Kevin F. McDonald
Greenville, South Carolina              United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).