UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roger Syndell Legette, | ) | C/A No. 6:13-718-JFA-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Joseph McFadden, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Roger Legette, brings this action pursuant to 28 U.S.C. § 2254 challenging his life sentence resulting from his state court conviction for murder.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he opines the petition should be dismissed because the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. The Magistrate Judge further notes that the petitioner has previously raised a challenge to his state conviction in *Legette v. Padula*, C/A No. 6:07-633-HMH-WMC (DSC Nov. 26, 2007), wherein the court considered the petition on the merits, found it time-barred, and granted summary judgment to the respondent. The Report sets forth in detail the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation and he has timely done so. Thus, this matter is ripe for review.

The Magistrate Judge is correct in his opinion that the claims raised in this petition, and construed under § 2254, are successive. As the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition, this court is without authority to entertain it. 28 U.S.C. § 2244 and *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.")

In his objections to the Report, the petitioner contends that the Magistrate Judge failed to take notice of petitioner's Ground 3. He also asserts that he has sought authorization from the Fourth Circuit Court of Appeals to file a successive petition, but that he has not yet received a ruling from that court. He attaches copies of his motion under 28 U.S.C. § 2244 to consider a second or successive application. Also attached is a copy of a letter from the Clerk of the Fourth Circuit dated April 16, 2013, advising him of the documents needed to complete review of the motion. It is not clear whether the petitioner has received permission to file a successive petition, thus, the instant § 2254 petition is premature. In the event that the Fourth Circuit does grant permission, the petitioner may refile this action. Until then, this court is without jurisdiction to consider the present habeas petition.

2

After a careful review of the record, the applicable law, Report and Recommendation, and objections thereto, the court adopts the Magistrate Judge's recommendation and incorporates it herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

September 11, 2013
Columbia, South Carolina

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

3